UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JARED WAYNE RIIPINEN,

Plaintiff,

v.

DWAYNE L. CHRISTOPHER et al,

Defendants.

Case No. 3:25-cv-05976-TMC

ORDER TO AMEND COMPLAINT
UNDER 28 U.S.C. § 1915

## I.    INTRODUCTION

Before the Court is self-represented plaintiff Jared Riipinen's complaint. Dkt. 5. Mr. Riipinen's request to proceed *in forma pauperis* ("IFP") was granted as to the financial criteria, Dkt. 4, but this Court must also review the complaint under 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not allege enough facts in support of the claims and seeks monetary relief against defendants who have immunity, Mr. Riipinen is ORDERED to file a proposed amended complaint no later than April 13, 2026. If he fails to do so, or the amended complaint has the same defects, his case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 1

## II.    LEGAL STANDARD

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010))).

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 2

Case 3:25-cv-05976-TMC   Document 6   Filed 03/12/26   Page 3 of 7

### III.   DISCUSSION

There are several problems with Mr. Riipinen's complaint that he must fix if he wants to proceed with his lawsuit.

#### 1.   Judicial immunity

First, Mr. Riipinen names as defendants several judges: Dwayne Christopher, Elizabeth Padula, and Lloyd Oaks. Dkt. 5 at 1. Judges generally have absolute immunity from lawsuits for money damages. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 915 (9th Cir. 2021) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). "Courts have articulated only two circumstances in which judicial immunity does not apply": "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," and actions that "though judicial in nature, [are] taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11–12).

In determining if an action is judicial, courts consider whether

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (quoting *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001)). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc).

As to lack of jurisdiction, a judge will be immune for a particular action if their "ultimate acts are judicial actions taken within the court's subject matter jurisdiction," even if the motives underlying the ultimate act are "clearly improper." *See id.* at 1078 ("Judges' immunity from civil liability should not be 'affected by the motives with which their judicial acts are performed.'" (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 200 (1985))); *see also id.* ("[A] conspiracy between

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 3

judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors. As long as the judge's *ultimate acts* are judicial actions taken within the court's subject matter jurisidiction [sic], immunity applies." (emphasis added)).

If immunity applies, it applies "however erroneous the [judge's] act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger,* 474 U.S. at 199–200 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *see also Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."). Judicial immunity against lawsuits for money damages applies to civil rights claims brought under Section 1983. *See Ashelman*, 793 F.2d at 1075.

Here, Mr. Riipinen's factual allegations against the judges include: (1) that they "unlawfully imposed bail only after he sent emails exposing misconduct by law-enforcement and corrections officers," Dkt. 5 at 2; (2) that a judge "imposed a no-contact order," Dkt. 5-2 at 1; (3) that a judge improperly ordered competency restoration, *id.* at 2; and (4) that a judge violated his speedy trial rights, *id.* All of these actions are subject to judicial immunity and cannot be the basis of a suit for money damages.

2.    *Prosecutorial immunity*

Second, Mr. Riipinen also names as defendants several attorneys: Meridith Reynolds D'auteil, Ryan Saunders, and Jonathan Buckles. Dkt. 5 at 1. Based on the surrounding allegations in the complaint, the attorneys appear to be prosecutors. *See id.* at 2 ("Plaintiff alleges that judges and prosecutors unlawfully imposed bail only after he sent emails exposing misconduct by law-enforcement and corrections officers."). Like judges, prosecutors are generally immune from suits for money damages. *Ashelman*, 793 F.2d at 1075. "Where a

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 4

prosecutor acts as an advocate in initiating a prosecution and in presenting the state's case, absolute immunity applies." *Id.* at 1076 (internal quotation marks omitted) (quoting *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 678 (9th Cir. 1984)). Similar to judicial immunity, prosecutorial immunity applies even if the prosecutor is shown to have committed "grave procedural errors," unless they acted "without . . . authority." *Id.* at 1077 (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Here, Mr. Riipinen alleges that the prosecutors violated his rights by seeking excessive bail (Dkt. 5 at 2, Dkt. 5-2 at 1); improperly influencing the competency evaluator and withholding his letter from the court (Dkt. 5-2 at 2); and violating his speedy trial rights (*id.*). All these allegations involve presenting the state's case and would be subject to prosecutorial immunity.

3.    *Eleventh Amendment immunity*

Third, Mr. Riipinen names as defendants the Washington Department of Corrections, the Washington Department of Licensing, and the Washington Department of Fish and Wildlife. Dkt. 5 at 1. Any claims against these agencies are barred by the Eleventh Amendment. *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). "Longstanding Supreme Court precedent has interpreted this Amendment to immunize states from suit in federal court by citizens and noncitizens alike." *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1025 (9th Cir. 2023) (citing cases), *cert. denied*, 144 S. Ct. 1465 (2024). Eleventh Amendment immunity extends to state agencies, which cannot be sued for damages or injunctive relief in federal court. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

A state agency is also not a person for purposes of Section 1983 and cannot be sued for constitutional violations unless it affirmatively waives its sovereign immunity. *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022). The State of Washington has not waived sovereign immunity for claims under Section 1983. *See Rains v. State*, 100 Wn.2d 660, 667, 674 P.2d 165 (1983)

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 5

("[T]here is no express legislative indication that the State here has consented to suit in state court for federal civil rights actions.").

        4.      *Other claims*

Mr. Riipinen's other claims appear to be for alleged violations of his constitutional rights, brought under 42 U.S.C. § 1983. To state a claim for relief under Section 1983, a plaintiff must show: (1) that he or she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the causation requirement of Section 1983, a plaintiff must demonstrate that a defendant caused the alleged deprivation by doing an affirmative act, participating in another's affirmative act, or failing to perform an act which he or she was legally required to do. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A Section 1983 "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under Section 1983. *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under Section 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

Except for Defendant Officer Parkett, Mr. Riipinen does not explain how each individual defendant allegedly violated his constitutional rights. This problem, however, can conceivably be cured by the addition of other facts. If he chooses to amend his complaint, for each alleged

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 6

constitutional violation, Mr. Riipinen must do his best to explain which defendant committed the violation, what they did, when it happened, and why he believes it violated his rights.

### IV.    CONCLUSION

Mr. Riipinen is directed to file a proposed amended complaint no later than April 13, 2026. The amended complaint must not seek monetary relief against defendants who are immune, and as to other defendants, it must include a short, plain statement of the (1) the legal claims asserted; (2) the specific facts Mr. Riipinen believes support those legal claims, and (3) the relief requested. Otherwise, the Court will dismiss the complaint and close the case.

The Court encourages Mr. Riipinen to consult the Court's resources for self-represented litigants at https://www.wawd.uscourts.gov/representing-yourself-pro-se. To the extent he wishes to seek assistance with this matter, Mr. Riipinen may also contact the Federal Civil Rights Legal Clinic, which offers free, limited-scope assistance to self-represented litigants in federal civil rights cases, including, but not limited to, following court rules and procedures or preparing case documents. Participation is voluntary and the Clinic operates independently from the Court. To request an appointment, Plaintiffs in Seattle may submit the online form at www.kcba.org/nlc or call 206.267.7070 and press "1" to leave a message. In Tacoma, Plaintiffs may request an appointment by calling 253.368.6690.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 12th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT UNDER 28 U.S.C. § 1915 - 7